**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| OLORUNFEMI COKER, an individual, | Case No.: |
| Plaintiff, | **COMPLAINT FOR**: |
| v. | 1. VIOLATION OF NEW YORK CIVIL RIGHTS LAW 51 |
| FJERRY, LLC, a New York Limited Liability Company, individually and d/b/a "@fuckjerry," and "Jerry Media;" ELLIOT TEBELE, an Individual; JAJA SPIRITS, LLC, a New York Limited Liability Company individually and d/b/a Jaja Tequila; and DOES 1-10. | 2. VIOLATION OF THE LANHAM ACT 15 U.S.C. §§ 1114, 1125(a) |
| | 3. COPYRIGHT INFRINGEMENT |
| Defendants. | 4. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT |
| | 5. VIOLATION OF THE DMCA: 17 U.S. Code § 1202 |
| | **JURY TRIAL DEMANDED** |

Plaintiff, by and through her undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## INTRODUCTION

1.     Plaintiff Olorunfemi Coker brings this action to seek redress for the unauthorized and unlawful publishing and exploitation of his original content by Defendants, as well as for the Defendants' false representations concerning the origin, association or endorsement of goods or services using Coker's name, as provided herein.

## JURISDICTION AND VENUE

2.     This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*; The Berne Convention for the Protection of Literary and Artistic Works ("Berne Convention"); Sections 37 and 39 of the Lanham Act (15 U.S.C. §§ 1119 and 1121).

3.     This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b), and has supplemental jurisdiction over the related State claims pursuant to 28 U.S.C. § 1367.

4.     Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

5.     Plaintiff OLORUNFEMI COKER ("COKER") is an individual currently residing in Nigeria.

6.     Plaintiff is informed and believes and thereon alleges that Defendant FJERRY, LLC, individually and d/b/a "@fuckjerry," and "Jerry Media" (collectively, "JERRY MEDIA") is a New York limited liability company with its principal place of business located at 495 Broadway, Rm 3R, New York, NY 10012-4457.

7.     Plaintiff is informed and believes and thereon alleges that Defendant ELLIOT TEBELE ("TEBELE") is an individual currently residing in New York.

8.      Plaintiff is informed and believes and thereon alleges that Defendant JAJA SPIRITS, LLC, individually and d/b/a "Jaja Tequila" (collectively, "JAJA TEQUILA") is a New York limited liability company with its principal place of business located at 73 Spring St., New York, NY, 10012-5800.

9.      Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

10.     Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

///

## GENERAL FACTUAL ALLEGATIONS

11.     COKER is a content creator.

12.     COKER has a substantial following on the social media platforms, including more than 145,000 followers on Twitter and over 60,000 followers on Instagram.

13.     COKER frequently posts original comedic content on social media networks. The below screenshot reflects one such work ("Subject Content"). The Subject Content is original to COKER and was wholly created by COKER:



14.     JERRY MEDIA is a company, run and operated under the direction of TEBELE, that aggregates content from others into "curated" collections of content that it publishes and monetizes online and elsewhere and that derives revenues in large part from advertising. On information and believe it is alleged that TEBELE personally participated

in the infringement alleged herein and had the right and ability to supervise said infringement and profited from said infringement.

15.     JAJA is a brand of tequila owned and operated under the direction of TEBELE, that is marketed by and through JERRY MEDIA.

16.     In or about January 2019, JERRY MEDIA posted the Subject Content, which included COKER's name, under the @fuckjerry name via its @fuckjerry Instagram account, advertising, referencing, and tagging JAJA.

17.     COKER is informed and believes and thereon alleges that Defendants accessed the Subject Content via an online search-and-copy campaign and then published and exploited it without the authorization of Plaintiff. A true and correct copy of Defendants' unlawful exploitation of the Subject Content is provided below.



18.     The above reveals that Defendants, and each, unlawfully published or otherwise exploited the COKER's Subject Content, thus Defendants' unlawful copy is an identical duplicate of COKER's original work.

19.     COKER at no point authorized Defendants, or any of them, to use the Subject Content as complained of herein.

20.     COKER sent messages to JERRY MEDIA advising of the violations of his rights and seeking redress from the above violations but did not receive a response.

## FIRST CLAIM FOR RELIEF

(For Violation of Civil Rights Law §§ 51 – Against all Defendants, and Each)

21.     COKER repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

22.     COKER is informed and believes and thereon alleges that Defendants, and each of them, violated N.Y. Civ. Rights Law § 51, *et seq.*, by, *inter alia*, publishing and using COKER's name along with the Subject Content within the state of New York for purposes of advertising and promoting both JERRY MEDIA and JAJA online, without first acquiring COKER's written consent to do so.

23.     Due to Defendants' actions, constituting unauthorized use of COKER's name, COKER has suffered and continues to suffer substantial and irreparable injury, for which COKER has no adequate remedy at law.

24.     Due to Defendants', and each of their, unlawful acts, COKER is entitled to injunctive relief barring Defendants from further violating COKER's rights as alleged herein.

25.     Due to Defendants', and each of their, unlawful acts, COKER has suffered general and special damages in an amount to be established at trial.

26.     COKER is informed and believes and thereon alleges that Defendants, and each of them, have committed their unlawful acts, as alleged above, which were willful,

wanton, intentional and malicious, which further subjects Defendants, and each of them, to liability for enhanced or punitive damages.

## SECOND CLAIM FOR RELIEF

(For Violation of the Lanham Act 15 U.S.C. §§ 1114, 1125—

Against all Defendants, and Each)

27.     COKER repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

28.     This is a claim for trademark infringement, false advertising, unfair competition, and false designation of origin arising under 15 U.S.C. §§ 1114(a)-(b) and 1125(a).

29.     Defendants have promoted and used in commerce identical or confusingly similar versions of COKER's name in connection with the Subject Content and Defendants' goods or services without COKER's consent in a manner that infringes upon COKER's rights in violation of 15 U.S.C. §§ 1114 and 1125(a).

30.     COKER is informed and believes, and thereon alleges, that Defendants used COKER's name in connection with the promotion, marketing, advertising of Defendants' businesses, goods, or services in a manner which is likely to cause confusion, or to cause mistake, or to deceive the public that Defendants' goods or services are authorized, sponsored or approved by or are affiliated with COKER.

31.     COKER is informed and believes, and thereon alleges, that Defendants acts alleged herein were done with actual knowledge of COKER's ownership and prior use of his name in commerce and to the general public, and with the intent to unfairly compete, to trade upon COKER's reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Defendants' businesses, goods, or services are associated with, sponsored by, originate from, or are approved by COKER, when they are not.

32.     Defendants' activities constitute willful and intentional infringement of COKER's name, directly and/or indirectly, in total disregard of COKER's proprietary rights, and were done despite Defendant's knowledge that the use of COKER's name was and is in direct contravention of COKER's rights. At a minimum, Defendants acted with willful blindness or reckless disregard of COKER's rights or the rights of the consuming public.

33.     Defendants have derived and received, and will continue to derive and receive, gains, profits, and advantages from the use of COKER's name in an amount that is not presently known to COKER. By reason of Defendants' actions, constituting unauthorized use of COKER's name, COKER has been damaged and is entitled to monetary relief in an amount to be determined at trial.

34.     By reason of Defendants' actions, constituting false designation of origin, false or misleading statements, false or misleading descriptions of fact, or false or misleading representations of fact, COKER has been damaged and is entitled to monetary relief in an amount to be determined at trial.

35.     Due to Defendants' actions, constituting unauthorized use of COKER's name, COKER has suffered and continues to suffer great and irreparable injury, for which COKER has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

36.     COKER repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

37.     COKER is informed and believes and thereon alleges that the Subject Content is a Berne Convention work per 17 U.S.C. § 101 that does not require completion of U.S. registration formalities as a prerequisite to filing an action for copyright infringement.

38.     COKER is informed and believes and thereon alleges that Defendants, and each of them, infringed COKER's copyrights by creating an infringing exact copy and/or derivative work from the Subject Content and by publishing the Subject Content to the public, including without limitation, on and through its website(s) and social media sites.

39.     COKER is further informed and believes and thereon alleges that Defendants, and each of them, infringed COKER's copyrights by displaying, publishing, or otherwise exploiting the Subject Content without COKER's authorization.

40.     COKER is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Content, including, without limitation, through viewing the Subject Content on COKER's website or social media sites, including without limitation as accessed via a search engine, or through a third-party source.

41.     COKER is further informed and believes and thereon alleges that certain Defendants have an ongoing business relationship with one or more of the other Defendants, and that those defendants transacted in order to unlawfully exploit the Subject Content.

42.     Due to Defendants', and each of their, acts of infringement, COKER has suffered general and special damages in an amount to be established at trial.

43.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of COKER's rights in the Subject Content. As such, COKER is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Content in an amount to be established at trial.

44.     COKER is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious.

///

## FOURTH CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

45.     COKER repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

46.     COKER is informed and believes and thereon alleges that the Subject Content is a Berne Convention work per 17 U.S.C. § 101 that does not require completion of U.S. registration formalities as a prerequisite to filing an action for copyright infringement.

47.     COKER is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Content as alleged hereinabove.

48.     COKER is informed and believes and thereon alleges that Defendants, knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction, publication and distribution of the Subject Content as alleged hereinabove.

49.     COKER is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, each Defendant had the ability to oversee the development, publication, and distribution of the infringing content at issue. And, Defendants, and each of them, realized profits through their respective obtainment, distribution, and publication of the Subject Content.

50.     By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, COKER has suffered and will continue to suffer substantial damages to his business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

51.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of COKER's rights in the Subject Content. As such, COKER is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Content, in an amount to be established at trial.

52.     COKER is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious.

**FIFTH CLAIM FOR RELIEF**

(For Violation of the DMCA: 17 U.S. Code § 1202—Against all Defendants, and Each)

53.     COKER repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

54.     COKER is informed and believes, and thereon alleges that Defendants, and each of them, violated section 1202 of the Copyright Act by affixing false copyright management information to its unlawful publication of the Subject Content.

55.     COKER is informed and believes, and thereon alleges that Defendants, and each of them affixed false copyright management information to its unlawful publication of the Subject Content knowingly and with the intent to induce, enable, facilitate, or conceal their infringement.

56.     Defendants, and each of them, violated section 1202 of the Copyright Act by displaying, publishing, and distributing the Subject Content with false attribution and copyright management information that identifies Defendants, and each, as the author or source of the Subject Content. Specifically and without limitation, Defendants published the Subject Content on its own social media site with referencing the JERRY MEDIA "fuckjerry" and JAJA Instagram handles.

57.     The above violation, which was willful, subjects Defendants, and each of them, to entry of judgment reflecting COKER's actual damages and any additional profits of the violator under 17 USC § 1203.

### PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follow against all Defendants and with respect to each claim for relief:

a.   That Defendants, their affiliates, agents, and employees be enjoined from infringing Plaintiff's rights in and to the Subject Content and COKER's name and permanently restraining and enjoining Defendants, their officers, agents, employees and attorneys, and all those persons or entities in active concert or participation with them, or any of them, from advertising, marketing, promoting, publishing, or otherwise using COKER's name.

b.   Awarding Plaintiff statutory damages in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117.

c.   Awarding Plaintiff actual damages in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117.

d.   Awarding Plaintiff costs and attorney's fees and investigatory fees and expenses to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117

e.   That Plaintiff be awarded all profits of Defendants, and each, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages to the extent they are available under the Copyright Act, 17 U.S.C. § 1203.

f.   That Plaintiff be awarded its costs and attorneys' fees to the extent they are available under the above statutes;

g.  That a trust be entered over the Accused Content, and all profits realized through the infringement;

h.  That Plaintiff be awarded pre-judgment interest as allowed by law;

i.  That Plaintiff be awarded the costs of this action; and

j.  That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: March 19, 2019                    By:    _____

Scott Alan Burroughs, Esq.
DONIGER / BURROUGHS
231 Norman Avenue, Suite 413
Brooklyn, New York 11222
(310) 590 – 1820
scott@donigerlawfirm.com
Attorney for Plaintiff
OLORUNFEMI COKER